Today is 2012-7058 WILDMAN v. SHINSEKI. Mr. Carpenter, please proceed. In police court, Kenneth Carpenter, chairing on behalf of Ricky Wildman. Mr. Wildman appeals the decision of the Veterans Court related to an application for fees under the Equal Access to Justice Act. Mr. Wildman asserts that the Veterans Court relied upon a misinterpretation of the EGIS statute by creating an absolute rule that work performed prior to a judicial proceeding is not subject to the benefit of reimbursement under the Equal Access to Justice Act. Show me where it says work performed prior to the judicial proceeding as opposed to, I understood the board's decision to be work performed because of or in light of or with or for the judicial proceeding. Where does it say prior to? I didn't understand that as cutting off anything prior to. For example, motion to reconsideration filed over and done with. And you had a line entry that said reviewing case in order to file notice of appeal. I didn't understand them as suggesting that absent a notice of appeal in place, you can't get a penny for any of the work you performed in advance. I understood their opinion as focusing on the work had to be for the appeal as opposed to for something that's going to occur at the administrative tribunal. Well, the fees in this case were for work in anticipation of the appeal to determine that. No, because the line item number two is determined that a motion for reconsideration should be filed to avoid the need for an appeal. Line item number three, prepared and filed motion for reconsideration. A motion for reconsideration has nothing at all to do with an appeal or the filing of an appeal. It has to do with your belief that you think that by furthering the actions of the administrative tribunal, you can possibly obtain the relief you seek in favor of your veteran. Respectfully, Your Honor, I disagree in the context of the veteran's statutes. And as the veteran's statutes have been interpreted by the veteran's court, if you file a motion for reconsideration within the 120-day appeal period, that automatically tolls the time for filing your appeal. But in the context of the veteran's circumstance, the veteran has the opportunity to seek reconsideration by the administrative body in order to avoid that appeal. If you avoid the appeal, then obviously there can't be any liability under EJIP. However, if that motion for reconsideration is denied, as it was in this case, then the appeal can proceed. But then why do you get paid for the motion for reconsideration? You disagree that if the motion for reconsideration is granted, there's no appeal, you don't get paid. So why would the fact that the district court denied the motion for reconsideration mean you should get paid for the time you spent preparing the motion for reconsideration? Because of its intimate connection with the judicial proceeding. Well, but obviously it's not intimately connected because if it had been granted, there wouldn't have been an appeal. Well, that's correct, Your Honor, but that's not the facts in this case. The facts in this case were that it was denied and the very basis for the motion for reconsideration was the basis... Okay, well then why can't you get the rest of what you did in the administrative proceeding? What makes the motion for reconsideration different from the rest of the time that you spent working on the administrative matter? Because it is comparable to a post-judgment proceeding. It is a matter after the final decision has been made by the agency. It is an opportunity for the agency to correct its error before there is an appeal. He calls him a lawyer, does the same work, Mr. Carpenter. Exactly the same work listed here. Yes. Reads and analyzes final board decisions and so on. But then decides not to appeal. Can I get the money? Absolutely not, Your Honor, because you would not have gone the same work, Mr. Carpenter. Well, but it's not the same work, Your Honor, because the work that went to the decision not to appeal resulted in a determination not to appeal. The work that went to determining whether there should be an appeal goes to the ultimate work on the appeal. And in this case, the work performed on the motion for reconsideration was the very basis that the government agreed that the matter had to go back to the board for reconsideration. In other words, the agency's lawyers decided over and above the board's determination on reconsideration that there was a valid basis for that motion for reconsideration. And so that work was intimately connected to the appeal to the Veterans Court, which was the government action that implicated the entitlement to fees under EJID. Because the action by the government was not correct, and ultimately the court found that not only was Mr. Wildman a prevailing party, but the government's position was not substantially justified. And therefore, he was entitled to EJID, and it is part and parcel of the total civil action involving an appeal in the context of an appeal from a decision of the Board of Veterans' Appeals to the Court of Appeals for Veterans' Claims. Well, the intimately connected that you're referring to is the remand to the administrative tribunal in that case, correct? Is that right? No, actually, it's the motion for reconsideration itself, because the motion for reconsideration... Hudson? Hudson, or I thought it was Leveneer? No, I don't believe that was in the Leveneer case. It comes from the Supreme Court's decision in Hudson, I believe. Well, but when you have a remand to administrative tribunal in that case, that is, I'm remembering the case right, right? That's the one where they remanded the administrative tribunal, yes? I see. I just want to make sure, since you're correcting me in which case, I want to make sure I'm remembering it right now. So, in any event, didn't the appellate court actually, or the court, actually retain jurisdiction throughout that process? So, the case was filed in the court. The court needed something additional from the administrative tribunal. It remanded for the limited purpose of giving that additional information, but throughout that entire process, the court itself retained jurisdiction over the case, correct? That's correct, because that was a Social Security case. Yes, but here we have no situation where the Veterans Court had any jurisdiction at all over the case during the time that you're requesting fees. Well, but they did potentially, Honor, because this case was in that window to appeal, the 120-day appeal period after a final board decision. There was a final board decision, so any work that was done that was necessary to that appeal could be compensated. No, but how is the motion for reconsideration necessary to the appeal? Because it, on the one hand, potentially eliminates the appeal, and on the other hand, it gives the VA, excuse me, the board, the opportunity to avoid both the appeal and the liability under EGIP. I'm sorry. Go ahead. All right. Let's suppose that EGIP were amended to provide for fees to be granted not only for work before the court, but also work before the board, but with the proviso that you have to submit your application for fees to the entity before which you did the work. If that had been the case before this proceeding, would you have submitted the fees here to the board or to the court? I would have submitted them to the court, Your Honor, because I see this work. Even the work for reconsideration, the motion for reconsideration fees you would have submitted to the court, even though that was a proceeding that was conducted before the board? Yes, Your Honor. Well, it was a proceeding that was conducted before the board, but just as the time that is put in that should have been compensable, that was denied in this case, for the assessment of whether or not there should or should not be an appeal, that time is related to the ultimate judicial proceeding, and that time is a compensable. Or more directly related, at least, to the board's decision, the question of whether the board, how the board should decide the case? Let me put it to you this way. Suppose that someone files an appeal in this court, loses, and then files a petition for rehearing en banc, let's say. It happens from time to time, like every case. And they have in mind that if they lose their en banc petition before this court, they will go to the Supreme Court. Is the en banc petition part of the Supreme Court filing? Is that part of the work before the Supreme Court, or is that part of the work before this court? I would have thought the latter. Well, Your Honor, I'm not sure that there is a distinction once the judicial proceedings have commenced under the aegis. No, no, it isn't, but if you just ask yourself the question in the abstract. It is a filing of a petition for rehearing en banc, and the work that goes into that. Part of the proceeding before the Supreme Court, or is it part of the proceeding before this court? Again, I would suspect that... Well, I think in that analogy, or in that example, I think that it is the work before this court, as opposed to work before the Supreme Court. Even though it may be setting up, ultimately, a Supreme Court case, or may obviate the need for a Supreme Court filing if you win. Yes, but I think the factual distinction in this case is that the grounds for the motion for reconsideration were the same grounds that the government, when the case was on appeal, decided that in lieu of proceeding to further appellate action, that the matter should go back on those very bases. So it seems to me that it is impossible to separate from the connection the work that was performed prior to the filing of the appeal, and the work that was performed after the appeal was filed. So all the work from the very beginning? From all the work after the final decision, and within the 120-day appeal period. Why not from before? All that's necessary to take it out. No, because you can't take an appeal until there's a final decision. And therefore, the work that goes into the final decision is not work in anticipation of an appeal. You can't do that unless you want to have the appeal again. No, you would not have the appeal, Your Honor, but you don't have a final judgment that allows you the opportunity to implicate the next level of appellate review. Mr. Carpenter, if you're into rebuttal time? I'd like to reserve the balance. Thank you. Mr. Rabinowitz? I approve the court. The record in this case demonstrates that the Veterans Court, in a FEDRA award, merely applied controlling law to the facts and did not announce a new rule. Let me go right to the issue that we were discussing with Mr. Carpenter, and what about these items gives me some pause. Your position is not, I take it, that you get no fee award for any work that's done before the actual filing of the Notice of Appeal. Am I correct? That's absolutely right, Your Honor. So before the filing of the Notice of Appeal, if you do work such as research or reviewing type work in anticipation of filing that Notice of Appeal, should you conclude that it has merit, that would be compensable work, right? Indeed, in this case it was compensable, Your Honor. There were four entries that preceded the filing of the appeal in this case, for which was part of the FEDRA award by the Veterans Court. Well, why doesn't that rationale apply to the first of the three items that were recited as the receipt and review of adverse board decision file for appeal to CAVC? Why doesn't that fall within the category you just described? Well, Your Honor, if you actually look at the entries in question, so there are seven entries in question that predate the filing of the appeal. This is a JA-100. And a JA-100, there are actually seven entries, of which three are contested here. However, the other four were neither contested by the government and were included in the EJ award below. And, in fact, some of the entries are exactly the same. So, for example, there is one entry that was awarded part of EJ that refers to work done prior to the filing of the appeal. That is the entry that reads, Second review of adverse Board of Veterans Affairs decision and concluded appeal was acquired. Whereas the other entry for which it was denied, receipt and review, the reason that the Veterans Corp presumably did deny EJ awards for that is simply because that relates to work that was ultimately performed before the board because appellant elected to file a motion for reconsideration. Your Honor is absolutely correct. If, for example, appellant at that point in time had elected not to file a motion for reconsideration and instead proceeded immediately with the appeal, it is possible that those three entries would have been sufficiently connected to the appeal that they would warrant an EJ award. But, of course, as you I'm sure know, and it's every lawyer's experience, when you are looking at a question of whether to file a motion for reconsideration in any tribunal, in any situation, one of the things you're considering is, well, am I ready to go up on appeal now or do I need to do something further? Do I have a chance to get a different result? Can I trim up my arguments? That whole array of considerations, prominent in that array and essential to making the ultimate determination is a lot of work that is effectively directed at how strong is my case for possible appeal at this point? And my question is, I understand your argument about, in a sense, the perhaps duplicative nature of some of these charges, but what I understood the court to have done in this case is to say, this is per se out because it anticipated the filing of a motion for reconsideration. Is that your reading of what the court did? I don't read the court so narrowly to hold it as a per se bar. In fact, what the court did instead, as the Federal Circuit did in Vernier, that there has to be a factual determination. We have to apply both the law and the facts in this case and make a determination about each entry as to whether or not those entries are so connected to litigation, to the subsequent civil action, as EJA provides, to warrant an EJA award. If, for example, the entries have been broken down into six-minute records and the first entry, rather than, they were discussing rather than saying two hours review, had listed cases that had been reviewed and the analysis that had been performed on each one and it was related to what eventually became the appeal. And then there was a separate entry later on that was different cases and different factual analysis and so on. Would the situation be different? I don't think that the test should be whether or not it's related to the appeal. I mean, everything is related to the appeal in the sense, as Your Honor indicated, that in order to have an appeal, there has to be a final judgment. So presumably when one is filing their initial complaint to the board, they're already contemplating hopefully what their likelihood of success is, assuming that they lose at the board and so on. As every good attorney looks that all the way down the road, whether it be for financial reasons or just common sense, you have to know how strong one's case is. So what the court in Lavernier did was rejected the notion that merely because something is necessary, it is compensable under EJA and established instead, as EJA requires it to do, because EJA limits it by its terms to a civil action. And thus, while both the Supreme Court has extended that in certain limited remand proceedings specific to the Social Security context and specific to what's known as a sentence 6 remand where the district court reattains Hudson correct, reattains jurisdiction or, for example, in Lavernier where the court in dicta at least discusses the possibility of also obtaining certain egyptes for certain items that were pre-filing in quoting an earlier court of claims case. But the court, what is clear from Lavernier is that and also the case in which Lavernier relies heavily on a la verte, which holds that things must be done exclusively or solely for the tribunal that qualifies as that of a civil action. So because something is mixed with, you know, something maybe both proceeding before the court and may have some later effect as nearly everything does in the court proceeding, that does not entitle one to EJA fees. Let me circle back with you, if I could, to the question you alluded to the factual nature of the court's inquiry and I recognize our limits to our jurisdictions. But what I'm wondering is that the court said very little about the issue here, but the one sentence that does seem to address that question is the sentence that appears on page 2 of the opinion. The court agrees with the secretary that these entries are on their face, representative of practice not before the court but rather before the secretary. So I would ask you what it is about the facts pertaining again to the first entry that would lead the court to draw that conclusion other than the timing? Well, presumably it's looking at the record as a whole and looking at the timing, when it occurs. Okay, the timing, I understand the timing. But is there anything other than the timing? Because there's nothing on the face of the entry that I can see that would lead me independently to conclude, aha, that's board practice, unlike the second and third items, which you can certainly say that looks like it's directed to the board. What is there about the first, again, other than timing? We've agreed that timing is not enough in and of itself. Sure, but no appeal has been taken at that point in time. There was merely a decision whether or not to file for an appeal for the Court of Veterans Affairs, excuse me, for the Veterans Court, and ultimately that decision may have resulted in a decision not to file. So this entry neither tells someone presumably that it's so intimately connected to be part of the civil action, and therefore removed from the regular terms of the statute, which means that by the terms of the statute, it is the, in this case, appellant's obligation to demonstrate that something that on its face, because of the timing, because it actually relates to a decision about the board, because there's been no appeal taken, because there's been no decision to even take an appeal, and indeed ultimately the decision was made not to take an appeal at that point in time and file a motion for reconsideration, presumably all those factors may have gone to the court's determination that therefore this can either be said to be exclusively connected to the subsequent civil action, and therefore entitled to alegia. So if I can maybe understand what you're saying. Just what you're saying seems to be that if you're in this situation where you've got two potential or actual proceedings going on, and it's before the proceeding before the court has actually begun, and while there are still potential, at least, proceedings before the board, you need to be, if you were going to make a claim for action, for work that you're going to attribute ultimately to the appeal, you need to be more explicit about exactly how that work relates to the appeal and not to the board proceeding, which requires more, I take it, than simply the words for appeal to CNBC. Yes. Okay. Finally, turning to the discussion about and the recognition that Appellant has that his position is contrary to this Court's holding in La Vernier, and just to briefly address the supposed conflict between La Vernier and the Supreme Court's decision in Sullivan, which of course predated La Vernier by some two years. La Vernier dealt with, number one, a proceedings prior to the filing of a complaint, and in the case of Sullivan, it dealt with remand proceedings, and specifically in Sullivan, the Court limited its holding to the specifics of the remand decision and to the specifics of the Social Security remand decision, and none of those factors are present here. And then finally, the irony, perhaps, of Appellant's position that because something is necessary for pure appeal, it is therefore compensable, is that Appellant would not be entitled to any money, presumably, for a motion for reconsideration, for any work performed for a motion for reconsideration, because a motion for reconsideration is the one optional, if you will, or unnecessary portion of the proceedings before us. Even if the Court were to adopt such a rule, it's unclear whether or not it would capture something that is taken at the option of Appellant. And are there any further questions? I just ask the Court to either find a lack of jurisdiction to the factual inquiry or to adjourn. Thank you. Thank you. Mr. Carpenter? Now, it seems to me that attempting to parse out or separate the purposes of the work, that the connection is clearly established to this appeal, but more importantly, it is clearly established to the purposes of the aegis statute. The aegis statute is intended to compensate a person who is required to go to court because of governmental action. In this case, the veteran was required to go to court because of that governmental action, and that governmental action could have been corrected. So we can go back all the way. No, I'm not asking you to go back all the way. I'm simply asking you to recognize that once there is a final decision, and that decision is subject to appeal, that work that is performed that is intimately connected to that appeal, such as a motion for reconsideration, which could moot the appeal and eliminate the need not only for the appeal, but the need for aegis, that it is counter to the express congressional intent to compensate the veteran for having to take the appeal. Yes, Mr. Wildman could have taken his appeal without this motion for reconsideration and gotten the same result. What about settlement? Suppose that the government were willing to enter into a settlement discussion with you following the final judgment prior to you filing a notice of appeal, and you had a line on it that said four hours spent in settlement discussions with the government. Settlement was unfruitful. Is that time for which you should be compensated? After final judgment, it could possibly moot the appeal under your standard, but is it really somehow a furtherance of legal action? That analogy or that hypothetical is not relatable to what happens in the veteran's context, because in the veteran's context, there is no party with whom to negotiate. Counsel does not become involved until there is an appeal filed. So your hypothetical can't work in this situation because there is no party with whom to settle. The only party with whom to settle is the chairman. It was the person to whom you filed the motion for reconsideration. But in the board proceedings, the secretary is represented by a lawyer, typically. No, your honor. There is a board attorney, but the board attorney works for the board and is not there as an advocate for the government. These are ex parte, non-adversarial proceedings in which there is no representative for the government. But if you have an issue that you wanted to resolve before the board, let's say just even a procedural, ministerial issue, presumably you would call that attorney. No. The only person you have access to is the designated board member or veteran's law judge. You never know who the board attorney is until the decision is published. Really? Yes. So it is the unique nature of this system and the relationship between that unique nature and the purposes and intent of Congress in creating EJIP, which I believe mandates the award for fees for this work performed because it is so intimately connected to the appeal. Are there further questions? Thank you very much, your honor. Thank you, counsel. The case is submitted. The next case on our docket, 2012-1223, Wyeth v. Avila.